IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHEN DANIEL MONTALTO, # 142736            PETITIONER

VS.            CIVIL ACTION NO. 3:15cv457-CWR-FKB

MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.            RESPONDENTS

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's[1] Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Failure to Exhaust State Court Remedies [12]. Stephen Daniel Montalto, Petitioner, filed a Motion for Adjudication of Contempt and Response to Respondent's Motion to Dismiss [13, 14]. Respondent argues that the petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed because Montalto does not raise a claim of constitutional magnitude. Alternatively, Respondent argues that Montalto's petition should be dismissed because he failed to exhaust state court remedies. Petitioner, however, asserts that he has exhausted state court remedies. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted, and this action be dismissed without prejudice.

## FACTS AND PROCEDURAL HISTORY

Plaintiff originally filed this action challenging the revocation of his earned time credits and Earned Release Supervision ("ERS") on April 14, 2015, pursuant to 42 U.S.C. § 1983. *See Montalto v. Mississippi Dep't of Corr., et al.*, Civil Action No. 3:15cv282-HTW-LRA. After initial review, the Court construed this action as one asserting both *habeas corpus* and § 1983

---

[1] According to an Order [10], the sole remaining Respondent is Marshall Fisher, Commissioner of the Mississippi Department of Corrections.

claims. *Id.* at [7]. Accordingly, on June 22, 2015, the Court severed the claims brought pursuant to *habeas corpus* and separately filed them in this matter, Civil Action No. 3:15cv457-CWR-FKB. Thereafter, the Court *sua sponte* dismissed Montalto's claims brought pursuant to § 1983. *See* Civil Action No. 3:15cv282-HTW-LRA at [22]. Subsequently, in this *habeas corpus* case, the Court entered an Order [10] dismissing all named Respondents except Marshall Fisher, Commissioner of the Mississippi Department of Corrections ("MDOC"). The Order [10] also directed Respondent Fisher to answer the petition. The State timely responded with the present Motion to Dismiss [12].

> The Court has previously summarized the facts underlying Montalto's claims, as follows:
>
> Montalto alleges that he pled guilty to three counts of aggravated assault and one count of kidnaping,[2] on or about September 22, 2008. As a result, he was sentenced to twenty years in the custody of MDOC, followed by ten years of probation. He was placed into trusty status on October 28, 2008 and was allowed to earn credits toward his sentence. He was eventually released on Earned Release Supervision ("ERS"), on December 20, 2014. As a condition of Montalto's release, he was required to live at, and register on the sex offender registry with, an approved address. Montalto alleges that, prior to his release, Defendant ERS Field Officer Glen McCoy approved Montalto's mother's address. Therefore, Montalto was released on ERS to live with his mother in Rankin County.

Civil Action No. 3:15cv282-HTW-LRA at [22].

Thereafter, authorities withdrew their approval of his mother's address, and on January 9, 2015, officials issued a Rule Violation Report, which resulted in Montalto's re-incarceration. Civil Action No. 3:15cv282-HTW-LRA at [1] at 26. Upon his return to prison, authorities

---

[2]According to his indictment, [8] at 41, Montalto was indicted for kidnapping under Mississippi Code Annotated § 97-3-53, which addresses kidnapping of "any child under the age of sixteen (16) years." Although the statute currently includes a provision regarding "vulnerable adults," it did not do so when Montalto was indicted in January, 2007.

allegedly erroneously changed his time sheet on January 14, 2015, to reflect that he had been convicted of a higher charge, kidnapping a minor. *Id.* at [22] at 2. Consequently, officials removed him from trusty status and revoked his earned time credits. *Id.*

Montalto's RVR disciplinary hearing was held on January 29, 2015, at which time he was found guilty of not having an approved address, and his ERS was revoked. *Id.* Petitioner alleges that he appealed the decision, [2] at 32, but MDOC relied "on the illegal and unilateral change of my offense" in affirming the revocation in a First Step Response dated March 17, 2015. *Id.* at 6, 31.[3] Montalto's Petition also contains his February 25, 2015, correspondence to Respondent Fisher, in which he requested assistance with these issues. [2] at 10. Montalto does not attach to his Petition any documentation of subsequent appeals of the RVR in state court. Furthermore, the Respondent asserts that, as of the filing of this Motion to Dismiss, the office of the Mississippi Supreme Court Clerk had no record of any appeal. [12] at 7.

In his Amended Petition, docketed by the Clerk of Court as a Response [8], Petitioner sets forth several grounds for relief, quoted as follows:

Ground One: Plaintiff's earned release supervision was illegally revoked on a wrongful RVR (rule violation report). [8] at 17.

Ground Two: Plaintiff's earned time credits and trusty status were illegally revoked, without a hearing, notice, or any due process of law. His charge was changed on NCIC to a harsher crime without due process, and then upgraded by

---

[3]The First Step Response denied Montalto's appeal requesting "reinstatement of trusty time, ERS and MET," stating that his "offense (kidnapping of a minor) is classified as a sex offense" and that he is "therefore ineligible for ERS, MET and Trusty time." [2] at 31. Although Montalto claims that MDOC "change[d] [his] conviction to a harsher conviction that [he] was never indicted on or convicted of," [2] at 6, the indictment shows that he was indicted under Mississippi Code Annotated § 97-3-53 (kidnapping of a minor), [8] at 41, and a Mississippi Court of Appeals decision confirms that he was convicted of kidnapping of a minor. *Montalto v. State*, 119 So. 3d 1087, 1092 (Miss. Ct. App. 2013).

> MDOC records department to a harsher conviction than what he was indicted or convicted which resulted in MDOC removing all of petitioner's earned time. *Id.* at 18.
>
> Ground Three:  On appeal, the RVR conviction was only affirmed based on the wrongful change and upgrade of plaintiff's charge by the MDOC and its records department.  Petitioner was removed from ERS because of an unfounded, incorrect allegation of an RVR that stated petitioner violated the conditions of ERS by the specific act of residence was denied (Sex Offender Registry Laws).  The evidence presented at the RVR disciplinary hearing does not support the finding of guilt.  *Id.* at 19.
>
> Ground Four:   Revocation of earned time is not a possible consequence for a conviction of a first B #32 RVR.  *Id.* at 20.

In sum, Montalto's grievance is two-pronged: (1) he alleges that MDOC improperly removed him from ERS; and (2) he alleges that MDOC improperly altered his time sheet to upgrade his kidnapping charge to a harsher conviction, thus depriving him of earned time.

As stated above, Respondent filed a Motion to Dismiss [12] in response to the Petition. The State first asserts that the Petition should be dismissed for failure to state a claim upon which relief can be granted because, it argues, Montalto has not alleged a deprivation of a right secured to him by the Constitution or the laws of the United States.  Alternatively, the State argues that if Petitioner raises the denial of a constitutional right, the petition should be dismissed for Montalto's failure to exhaust available state court remedies.

## DISCUSSION

The Court first addresses the State's argument that Montalto has not alleged the deprivation of a constitutional right.  Having reviewed the filings and relevant law, the Court finds that Petitioner has failed to raise a claim of constitutional magnitude.  Under Mississippi law, prisoners do not have a protected liberty interest in earlier release, given the parameters of the ERS program.  The Fifth Circuit has held that Mississippi's parole statute, Mississippi Code

Ann. § 47-7-3, does not create an expectation of or entitlement to release. *Irving v. Thigpen*, 732 F.2d 1215 (5th Cir. 1984). In *Irving*, the court held "that the Mississippi statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach." *Id.* at 1217-1218. "Mississippi law is clear that trusty time and its award is discretionary, not mandatory." *Jones v. Buscher*, 2014 WL 4723115, *5 (S. D. Miss. Sept. 23, 2014)(finding no constitutional right to earned trusty time that was erroneously awarded due to petitioner being ineligible for trusty status.). Accordingly, because Montalto had no constitutionally protected right to trusty time or earned time under the facts presented, his petition should be dismissed.

Turning to the State's alternative basis for dismissal, the Court observes that before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). A habeas petitioner has failed to meet the exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Respondent argues that the claims raised by Montalto in his federal habeas petition have not been properly exhausted in state court.

The relevant portions of § 2254 provide as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \*
>
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387.

In this case, Montalto may still have available state remedies through which to exhaust his claims.[4] He may be eligible to file a motion for post-conviction relief on this issue pursuant to Mississippi Code Ann. § 99-39-5(1)(h).

The Court acknowledges that it has the authority to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines,* a federal court presented with unexhausted claims has the discretion in limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court if the petitioner can show good cause for his failure to exhaust. *Id.* However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Respondent submits, and the Court agrees, that such "limited

---

[4]It appears that Montalto's time to seek direct judicial review in the state courts on his RVR # 01092015 has expired, as his First Step Response was issued on March 17, 2015. [2] at 31.

circumstances" do not exist in the instant case because Montalto fails to show "good cause" for his failure to exhaust his claims in state court. *See Reyer v. King*, 2008 WL 625096 (S. D. Miss. Mar. 5, 2008) (considering *Rhines* and dismissing claims for petitioner's failure to show "good cause"). Moreover, the Court would abuse its discretion if it granted a stay for "plainly meritless" claims. *Rhines*, 544 U.S. at 277. As discussed above, Montalto has failed to allege the violation of a constitutionally protected right.

## CONCLUSION

Accordingly, based on the foregoing analysis, the Court finds that Respondent's Motion to Dismiss [12] should be granted. Likewise, Petitioner's Motion for Adjudication of Contempt and Response [13, 14] should be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 3rd day of August, 2016.

    /s/ F. Keith Ball
    UNITED STATES MAGISTRATE JUDGE