IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STEPHEN DANIEL MONTALTO**                                            **PETITIONER**

**V.**                                            **CAUSE NO. 3:15-CV-00457-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF**                                 **RESPONDENTS**
**CORRECTIONS; COMMISSIONER**
**PELICIA E. HALL**

## ORDER

The Court considers three items pending in the above styled case. Respondents have filed a motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, motion to amend findings pursuant to Rule 52(b). Docket No. 55. Petitioner Stephen Montalto has filed a motion for certificate of appealability, Docket No. 58, and a motion for leave to appeal *in forma pauperis* (IFP), Docket No. 61.

**I.**     **Motion for Reconsideration**

In the context of Rule 59(e) motions, federal courts recognize only three possible grounds for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). Similarly, the purpose of Rule 52(b) motions is "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).

Having considered Respondents' motion for reconsideration and supporting memorandum, the record, and relevant legal authorities, the Court finds that the motion fails to meet this high standard. Accordingly, the motion is denied.

## II. Motion for Certificate of Appealability

The Final Judgment stated that no certificate of appealability ("COA") would issue. Docket No. 51. Montalto nevertheless presses the Court for a COA.

To prevail on a COA application, a petitioner must make a "substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Jones*, 287 F.3d 325 (5th Cir. 2002) (citation omitted). A district court may deny a COA on its own, without requiring further briefing or argument. *Alexander v.* Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

Considering this legal standard, the Court finds again that a COA should not issue.

## III. Motion for Leave to Appeal IFP

Under federal law, a court may allow an indigent litigant to proceed with a suit or appeal without prepayment of fees. 28 U.S.C. § 1915(a). The applicable law for prisoners seeking IFP status is reproduced here:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>     (A) the average monthly deposits to the prisoner's account; or
>     (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* § 1915(b).

Having reviewed Montalto's motion, the Court finds it well-taken and due to be granted. Accordingly, the following payment schedule applies:

Because Montalto has a monthly income of $0, his initial partial filing fee is $0. *Id*.

Going forward, under § 1915(b)(2) Montalto must make monthly payments of 20% of the preceding month's income[1] credited to his inmate account, until the total appeal filing fee of $505.00 is paid. The prison at which Montalto is incarcerated is required by law, when his inmate account exceeds the sum of $10.00, to forward monthly payments with Montalto's name, civil action number (No. 3:15-CV-457-CWR-FKB), and appeal number (No. 17-60745) written on the payment, to the Clerk of Court, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201, with each payment being a sum which equals 20% of the preceding month's income credited to Montalto's inmate account.

Copies of this Order will this day be mailed to Montalto and to Premier Supply Link for MDOC Inmate Accounts, P.O. Box 97538, Pearl, Mississippi 39288.

**SO ORDERED**, this the 13th day of March, 2018.

                                                                  s/ Carlton W. Reeves
                                                                   UNITED STATES DISTRICT JUDGE

---

[1] "Income" means "whatever sums enter a prison trust account, disregarding the source." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998).