# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| STEPHEN DANIEL MONTALTO | PETITIONER |
| V. | CAUSE NO. 3:15-CV-457-CWR-FKB |
| MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL. | RESPONDENTS |

## ORDER

Before the Court is the parties' joint motion to approve their proposed Agreed Order. The parties propose the following language:

> The Court clarifies that its previous order contained no formal findings of professional misconduct and imposed no sanctions on the attorneys or parties involved in this case. The Court's previous order did no more than express concerns and issue a warning.

*See* Email from Jason P. Steed, Counsel for Petitioner (Sept. 23, 2019).

I do not know how the parties arrived at this statement. It seems to contradict respondents' written and oral arguments before the Fifth Circuit. *See, e.g.*, Respondents' Supplemental Letter Brief, Montalto v. Miss. Dep't of Corr., 938 F.3d 649 (5th Cir. 2019) (No. 18-60274, Dkt. # 72); Respondents' Supplemental Letter Brief, Montalto v. Miss. Dep't of Corr., 938 F.3d 649 (5th Cir. 2019) (No. 18-60274, Dkt. # 56); Brief of Respondents, Montalto v. Miss. Dep't of Corr., 938 F.3d 649 (5th Cir. 2019) (No. 18-60274, Dkt. # 16).

As I told the parties in September, however, I think the above language is factually correct. *See* Docket No. 72. I will sign and enter it today. Perhaps that will finally resolve this case. It is up to the Fifth Circuit.

The limited remand of this matter presents an opportunity to place this case in its proper context. *Montalto* is not the first time I have been frustrated with this unit of the Attorney General's Office.

In *Wansley v. Mississippi Department of Corrections*, I observed that

> Respondents' current argument is directly contradictory to their 2002 pleading. Then, the State contended that § 41–29–142(1) was "discretionary" and irrelevant to Wansley because "the enhancement provision was not applied." *See* Answer and Affirmative Defenses, *supra.* Now, it contends that the statute automatically enhances the offender, including Wansley. Both of these claims cannot be correct.
>
> Present counsel for respondents, Special Assistant Attorney General Owens, blamed the contradiction on the author of the 2002 filing. But Ms. Owens' name was also listed on the 2002 document as one of two attorneys on the brief.

No. 4:10-CV-149-CWR-FKB, 2013 WL 1827765, at *9 (S.D. Miss. Apr. 30, 2013), *rev'd on other grounds,* 769 F.3d 309 (5th Cir. 2014). I expressed my displeasure with this course of action:

> It is not fair for the State to completely reverse course when the parties are the same, the underlying facts are the same, the state statute is the same, and the case law is the same. It is unseemly for the State to change its position without an intervening change in fact or law because it suggests that the State has "deliberately changed positions according to the exigencies of the moment." As the Fifth Circuit put it earlier this year, "From the standpoint of equity, as most federal courts recognize, a change of legal position can be just as abusive of court processes and an opposing party as deliberate factual flip-flopping."

*Id.* at *11 (citations and brackets omitted).

Despite this behavior, in both *Wansley* and *Montalto*, I did not sanction the responsible Assistant Attorney Generals. In part that may be due to the benefit of the doubt public servants so often receive. But I also fundamentally believe that fault does not lie solely at counsel's feet.

I attempted to explain why in *McDonald v. Jenkins*, an ongoing habeas case in which the Mississippi Department of Corrections' private prison contractor lost two years' worth of evidence, "for reasons unknown, notwithstanding its duty to preserve those documents." No.

2

3:16-CV-800-CWR-LRA, Docket No. 41 (S.D. Miss. Mar. 29, 2018). When the Assistant Attorney General was unable to meet an already-extended deadline, I elaborated on what I believe to be the true problem underneath all of these cases.

> Court records confirm that counsel does, in fact, have a very heavy caseload. Over the years she has entered her appearance in 732 cases in the Southern District of Mississippi. That is an extraordinary number—and it significantly underestimates counsel's true workload. She has appeared in 885 *more* cases in the Northern District of Mississippi, and, in her position, the Court surmises, she likely consults on her colleagues' cases without entering an appearance. By any objective measure the burden is significant, and likely overwhelming.
>
> The Mississippi Attorney General's Office is ultimately responsible for that burden. Generally speaking, the Attorney General is entrusted with the management of all legal affairs of the State and the prosecution of all suits, civil and criminal, in which the State has an interest. With that comes the power to control and manage all litigation on behalf of the State. *Kennington-Saenger Theatres v. State ex rel. District Attorney*, 18 So. 2d 483, 486 (Miss. 1944).
>
> Practically speaking, then, the Attorney General's Office decides the number of attorneys to hire; where to assign its attorneys; how many cases to assign to those attorneys; and how to assess whether its attorneys are effectively representing the State and its agencies. So when counsel's longstanding heavy workload prevents the Special Assistant Attorney General from *starting* work on an answer, especially one with an already-extended deadline, the Attorney General's Office should be alerted and asked to explain its decision. Attorneys defending the State's most important powers should have the opportunity to get it right.

Docket No. 30 (S.D. Miss. Feb. 5, 2018).

I continue to believe all of that. A lawyer is "an officer of the court and a key component of a system of justice, dedicated to a search for truth." *Nix v. Whiteside*, 475 U.S. 157, 174 (1986). If there is some structural problem impeding attorneys from being able to engage in that search, we should try to find a structural solution.

Habeas defense is difficult. The records are voluminous; the law is too complex. Mississippi also has a great deal of habeas petitions to defend. Counsel's job is made more difficult when her various clients—MDOC, private prisons, and local District Attorney's

3

Offices—lose documents and testify in open court about patently unconstitutional conduct. *E.g.*, *Montalto v. Miss. Dep't of Corr.*, No. 3:15-CV-457-CWR-FKB, 2017 WL 4340273, at *4 (S.D. Miss. Sept. 29, 2017) ("Officer Cooper then explained that the contents of the hearing had no bearing on her finding Montalto guilty of the alleged housing violation. Rather, Officer Cooper testified that she found Montalto guilty because she was instructed to do so *before the hearing began*."). It is an unenviable position.

Over the years, I had hoped that the Attorney General's Office would recognize that these cases deserved more attention—and more attorneys—to make sure we arrive at the truth of every case. That remains my hope for the future. After assessing the Office, perhaps the new Attorney General may find a solution to this problem.

I will sign and enter the proposed Agreed Order this day. The Clerk of Court will subsequently transmit the supplemental record to the Fifth Circuit.

**SO ORDERED**, this the 9th day of December, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
